741 S.E.2d 759

**In the Matter of J. David FLOWERS.**

**Appellate Case No. 2012–213120.**

**No. 27243.**

Supreme Court of South Carolina.

Heard Feb. 21, 2013.

Decided April 24, 2013.

Rehearing Denied May 16, 2013.

Disciplinary Counsel Lesley M. Coggiola and Assistant Disciplinary Counsel Ericka McCants Williams, both of Columbia, for Office of Disciplinary Counsel.

Desa Allen Ballard, of Ballard Watson Weissenstein, of West Columbia, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) brought formal charges against James David Flowers (Respondent) for failing to file state and federal income tax returns for tax years 2007, 2008, 2009, and 2010. Following a hearing, the Hearing Panel of the Commission on Lawyer Conduct (the Panel) found Respondent violated Rule 8.4(b) of the Rules of Professional Conduct (RPC), Rule 407, SCACR, and Rules 7(a)(1) and 7(a)(5) of the Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR. Two members of the Panel recommended the sanction of a ninety-day definite suspension, and two members recommended an Admonition. ODC took exception to the recommendation of an Admonition, and Respondent took exception to the recommended ninety-day definite suspension. We definitely suspend Respondent from the practice of law for ninety days, retroactive to the date he filed his tax returns, and order him to pay the costs of these proceedings.

## FACTS

ODC's investigation stemmed from an anonymous complaint that Respondent failed to file state and federal income tax returns for tax years 2007, 2008, 2009, and 2010. Respondent admits that he did not file income tax returns for these years. Respondent contends that a variety of mental health problems brought about by the stresses of his practice are to blame for his failure to file his tax returns. Respondent further contends that his mental health problems have precipitated his desire to quit the practice of law and led to his voluntary deactivation from the South Carolina Bar in September 2011. Respondent represents that no federal or state criminal charges are pending against him or anticipated, and that he filed his state and federal income tax returns for the delinquent tax years on February 17, 2012. However, Respondent further represents that he has not yet paid his delinquent taxes. Respondent has been cooperative with ODC throughout its investigation.

## LAW

Respondent admits that by his misconduct, he has violated Rule 8.4(b), RPC, Rule 407, SCACR (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects). In addition, Respondent admits that his misconduct constitutes grounds for discipline pursuant to Rule 7, RLDE, Rule 413, SCACR, specifically Rules 7(a)(1) (it shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We find a ninety-day suspension is the appropriate sanction for Respondent's misconduct. Accordingly, we suspend Respondent from the practice of law for a period of ninety days. This suspension shall be retroactive to the date upon which Respondent filed his state and federal income tax returns, February 17, 2012. However, due to the fact that Respondent has not yet paid his taxes, we also find that Respondent may not request reinstatement until he has paid his delinquent taxes in full and has filed proof with the Commission on Lawyer Conduct of same. Furthermore, we order Respondent to pay the costs associated with these proceedings. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.