The records in the office of the Clerk of the Supreme Court show Petitioner was admitted and enrolled as a member of the South Carolina Bar on November 16, 1990. He voluntarily transferred to inactive status in September 2011. On April 24, 2013, the Court suspended Petitioner from the practice of law in this state for ninety-days for failing to file his state and federal income tax returns for tax years 2007, 2008, 2009, and 2010.
 
 In re Flowers
 
 ,
 
 402 S.C. 385
 
 ,
 
 741 S.E.2d 759
 
 (2013).
 

 Petitioner did not seek reinstatement; however, he now asks the Court to accept his request to resign from the South Carolina Bar pursuant to Rule 409, SCACR. Petitioner states he understands that should he ever again seek to be admitted or licensed in this state, he will have to fully comply with all conditions of admission or licensing, including taking the South Carolina Bar Examination, if applicable.
 
 [1]
 

 We accept Petitioner's resignation. Within fifteen (15) days of the date of this order, Petitioner shall file an affidavit with the Clerk of Court showing he has complied with Rule 30,
 RLDE, Rule 413, SCACR, and shall also surrender his Certificate of Admission to Practice Law to the Clerk of Court.
 
 /s/ Donald W. Beatty
 
 , C.J.
 

 /s/ John W. Kittredge
 
 , J.
 

 /s/ Kaye G. Hearn
 
 , J.
 

 /s/ John Cannon Few
 
 , J.
 

 /s/ George C. James, Jr.
 
 , J.
 

 Additionally, we remind Petitioner that should he seek to be admitted or licensed in South Carolina again, he must demonstrate he paid his delinquent taxes in full.
 
 See
 

 Flowers
 
 ,
 
 402 S.C. at 387
 
 ,
 
 741 S.E.2d at 760
 
 ("Respondent may not request reinstatement until he has paid his delinquent taxes in full and has filed proof with the Commission on Lawyer Conduct of [the] same.").